**Adam FRENT, Petitioner,**

v.

**UNITED STATES of America and John T. Doubrova, Special Agent of the Internal Revenue Service, Respondents.**

**Civ. A. No. 83–CV1676–DT.**

United States District Court,
E.D. Michigan, S.D.

Aug. 17, 1983.

Adam Frent in pro. per.

Charles Fash, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondents.

## OPINION

RALPH B. GUY, Jr., District Judge.

Plaintiff instituted this suit seeking to quash an IRS summons that had been directed to Manley Bennett and Company, a stock brokerage firm with which plaintiff had engaged in financial transactions during the tax years 1977–1979. Specifically, plaintiff alleges that the summons was not issued in a good faith effort to determine his tax liability for the aforementioned years but instead was issued as part of an ongoing criminal investigation. In support of his claim, plaintiff offers a letter directed to him from the District Director of the IRS prior to the issuance of the summons in question which advises plaintiff that a report recommending him for criminal prosecution for wilfully filing a false and fraudulent tax return for the years 1977–1979 and for wilfully failing to file tax returns for the years 1978 and 1979 had been forwarded to the District Counsel of the IRS. In response, the government notes that the recommendation for criminal prosecution was rejected by the District Counsel. As a result, the government contends that the recommendation does not indicate an insti-tutional decision to institute criminal proceedings against plaintiff.

Subsequent to the filing of the plaintiff's motion to quash summons and the defendant's motion to enforce summons, the matter was referred to a Magistrate for report and recommendation. On July 28, 1983, the Magistrate issued an opinion recommending that the court enforce the IRS summons. Specifically, the Magistrate concluded recommendation to the District Counsel of the IRS was not the equivalent of a recommendation to the Department of Justice that would preclude enforcement of the summons. See *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In addition, the Magistrate recommended that the government's request for attorney fees be rejected because the present action cannot be considered frivolous.

On August 8, 1983, the plaintiff filed objections to the Magistrate's Report and Recommendation. A review of those objections reveals that plaintiff believes the Magistrate erred in two regards. First, plaintiff contends that the filing of the recommendation with the District Counsel of the IRS conclusively establishes that the IRS has decided to proceed against him in a criminal proceeding. Second, plaintiff contends that the Magistrate erred in failing to rule on the constitutionality of the Tax Equity and Fiscal Responsibility Act of 1982 that amended the statutes authorizing the IRS to issue administrative summons. This matter is before the court on the plaintiff's objection.

In *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court set forth certain guidelines to be followed by a district court in deciding whether to enforce an IRS summons. Although the Court recognized the broad discretion afforded the IRS in investigating the tax liability of the citizens of the United States, the Court also recognized that a court has an obligation to ensure that its process is not used for an illegitimate pur-

pose. Accordingly, the Court held that a district court should not enforce an IRS summons unless (1) the investigation is being conducted for a legitimate purpose; (2) that the material sought is relevant to the legitimate purpose of the investigation; (3) that the information is not yet in the possession of the IRS; and (4) that the proper administrative steps had been followed. Further, the burden of showing an abuse of the court's process was placed on the taxpayer.

In *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), the Supreme Court discussed some additional considerations relative to the taxpayer's burden of showing an abuse of the court's process. Specifically, the Court held that the IRS may not issue summons for taxpayer-related records where the IRS had recommended prosecution to the Department of Justice. In the absence of such a recommendation, however, the Court stated that the summons take on a presumptive validity that obtains even when the investigating agent recommends to his superiors that they refer the matter to the Department of Justice. Thus, the taxpayer, absent a recommendation to the Department of Justice, has a heavy burden of proof that at times becomes almost insurmountable. See *United States v. Garden State National Bank,* 607 F.2d 61 (3d Cir.1979).

The issue presented by the plaintiff's objections is whether the plaintiff has carried that burden by showing that the District Director of the IRS had recommended criminal prosecution to the District Counsel of the IRS. Although many courts have considered the issue now before the court, the court finds the following discussion in *United States v. Harris,* 628 F.2d 875 (5th Cir.1980) to be of the most help in resolving the present dispute:

In *LaSalle* the district court quashed the § 7602 summonses on the ground that the *sole* purpose of the investigating agent was to gather evidence for a criminal prosecution. The United States Court of Appeals for the Seventh Circuit affirmed. 554 F.2d 302 (7th Cir.1977). The Supreme Court reviewed the case law and the statutory history behind § 7602 with an especially thorough review of the sole criminal purpose defense. The primary limitation on the use of a § 7602 summons is that the summons may not issue after the IRS recommends criminal prosecution to the Department of Justice. *LaSalle, supra,* 437 U.S. at 311, 98 S.Ct. at 2365, 57 L.Ed.2d at 232; *Donaldson v. United States, supra,* 400 U.S. [517] at 536, 91 S.Ct. [534] at 545, 27 L.Ed.2d [580] at 592. This, explained *LaSalle,* is because prior to that time the civil and criminal elements of the investigation are 'inherently intertwined' and because it is quite proper for the summons to issue when the IRS has both civil and criminal investigation purposes. *Id.* 437 U.S. at 309, 98 S.Ct. at 2363. The heart of *LaSalle* is the Court's determination that the sole criminal purpose defense is not proven by showing that the investigating agent's single purpose in issuing the summons was to gather evidence for a criminal prosecution. The taxpayer must establish that the IRS 'in an institutional sense had abandoned' pursuit of civil tax liability. *Id.* at 319, 98 S.Ct. at 2368. The agent's personal motivation is not dispositive because the agent's disposition of the case may be overturned by the IRS and before referral to the Department of Justice by either of at least two layers of review within the IRS. *Id.* at 314–16, 98 S.Ct. at 2366. A logical conclusion to be drawn from *LaSalle,* is that before the investigating agent completes his investigation the summons is 'virtually unassailable' as far as the sole criminal purpose defense is concerned. *United States v. Genser,* 595 F.2d 146, 151 (3d Cir.1979), *cert. denied,* 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185. However *LaSalle* issued a small caveat to that basic conclusion:

Because criminal and civil fraud liabilities are coterminous, the Service rarely will be found to have acted in bad faith by pursuing the former. On the other hand, we cannot abandon this aspect of

the good-faith inquiry altogether. We shall not countenance delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral and the Service merely would like to gather additional evidence for the prosecution. Such a delay would be tantamount to the use of the summons authority after the recommendation and would permit the Government to expand its criminal discovery rights. Similarly, the good-faith standard will not permit the IRS to become an information gathering agency for other departments, including the Department of Justice, regardless of the status of criminal cases.

*Id.* 437 U.S. at 316–17, 98 S.Ct. at 2367–68. (Footnotes omitted). We read the Court's caveat to include situations where the substantial equivalent to a recommendation for criminal prosecution to the Department of Justice exists even though there may not be a formal recommendation. The heavy burden that the taxpayer had in establishing the sole criminal purpose before *LaSalle* is now even heavier. A taxpayer will rarely be able to prove a sole criminal purpose in cases like the instant case where the investigation has barely begun, but, of course, he is not prohibited from trying.

Given that plaintiff has offered no evidence indicating that the District Counsel refused to recommend prosecution to the Department of Justice to allow the IRS to collect evidence for a criminal proceeding against plaintiff, the court concludes that the Magistrate properly concluded that plaintiff had failed to carry his burden of showing an abuse of the court's process.

■ In 1982, Congress enacted the Tax Equity and Fiscal Responsibility Act. See Pub.L. 97–248, 96 Stat. 324 (1982). A review of the legislative history of the Act indicates that the House initially passed the bill that ultimately became the Act, that the Senate amendment to the text of the bill struck out all of the House Bill after the enacting clause and inserted a substituted text, and that the House ultimately accepted the Senate version. See 1982 U.S. Code Cong. & Ad.News at 781–1495. Because of this substitution of the Senate text, plaintiff contends that the Act was enacted in violation of Art. I, § 7, cl. 1 of the United States Constitution which provides that "[a]ll Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills." The court perceives two difficulties with the plaintiff's position. First, the clause in question has been strictly construed to bills to levy taxes. See *United States v. Norton,* 91 U.S. (1 Otto) 566, 23 L.Ed. 454 (1876). Thus, the court finds that the limitation is not applicable to the Act in question. Second, the Court finds that the Act did originate in the House of Representatives. Nothing in the relevant clause indicates that the Senate may not amend a revenue raising bill by a wholesale substitution of the text of that bill. See *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911). Cf. *Hubbard v. Lowe,* 226 F. 135 (S.D.N.Y.1915) (striking down Cotton Futures Act where House substituted tax provisions for blanket prohibitions in bill originating in the Senate). Therefore, the court concludes that the Tax Equity and Fiscal Responsibility Act of 1982 was enacted in accordance with Art. I, § 7, cl. 1 of the United States Constitution.

## ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION; DENYING PETITIONER'S MOTION TO QUASH SUMMONS; GRANTING GOVERNMENT'S MOTION TO ENFORCE SUMMONS; AND DENYING GOVERNMENT'S MOTION FOR ATTORNEY FEES

This matter is before the court on the above-captioned motions. The court has reviewed the motions and the briefs filed in support thereof and in opposition thereto as well as the Magistrate's Report and Recommendation and plaintiff's objection thereto. In accordance with the attached opinion,

IT IS ORDERED that the Magistrate's Report and Recommendation is hereby accepted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that plaintiff's Motion to Quash Summons is hereby DENIED.

IT IS FURTHER ORDERED that the government's Motion to Enforce Summons is hereby GRANTED.

IT IS FURTHER ORDERED that the government's Motion For Attorney Fees is hereby DENIED.