George E. GOOGE

v.

**SECRETARY OF THE TREASURY and the United States of America.**

**No. CIV. 3-83-608.**

United States District Court,
E.D. Tennessee, N.D.

Dec. 30, 1983.

George E. Googe, pro se.

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., Betsy E. Burke, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action challenging an administrative penalty of $500.00 imposed on plaintiff by the Internal Revenue Service for filing a tax return deemed "frivolous" pursuant to 26 U.S.C. § 6702. Jurisdiction of this cause is conferred upon this Court by virtue of 28 U.S.C. § 1346 and 26 U.S.C. §§ 6703 and 7422. This case is before the Court on defendant's motion to dismiss or for summary judgment. Argument on this motion was heard in open court on December 29, 1983.

The summary of the facts set forth in defendant's brief in support of its motion is accurate and is adopted by the Court:

The plaintiff, George E. Googe, filed an IRS Form 1040 purporting to be a federal income tax return for the year 1982. The purported return consisted of an IRS Form 1040, an IRS Form 1065 for "Profit or Loss from Business or Profession for sole proprietorships or joint ventures, and a Schedule C–1 for "cost of goods sold and/or operating expenses." . . . . Under his signature, the plaintiff on page 2 of the 1040 printed "Executed unwillingly and under legal duress. American trader at law on a cash basis."

The plaintiff left the space provided for his occupation blank, but on line 7 (for wages, salaries, tips, etc.) he listed an income of $30,482.00. He also shows W–2 forms substantiating that amount. The plaintiff attached to his return an IRS Form 1065 for profits or losses from business or profession, which listed the plaintiff's business activity as "services." The form showed a net profit to that business activity as "$22,565.00." The business address given was the same as the plaintiff's residence. The plaintiff proceeded to file a Schedule C–1 for a "cost of labor" deduction in the amount of "$22,565.00," although the form specifically said "do not include salary paid to yourself." Then on line 12 of the purported return, the plaintiff deducted the $22,565.00 from the amount from his gross income. This deduction enabled his return to show him entitled to a claim of refund of $5,247.32 for 1982.

. . . .

The IRS assessed a frivolous return penalty of $500 against the plaintiff pursuant to Code Section 6702. The plaintiff was notified of the assessment by letter which also explained the proper procedure for filing a claim for refund with the IRS and for filing a suit for refund if the IRS denied the claim.

The Internal Revenue Code provides for the assessment of a $500 penalty against persons who file frivolous tax returns. 26 U.S.C. § 6702. Section 6702 provides:

(a) *Civil Penalty.*—If. . . .

(1) any individual files what purports to be a return of tax imposed by subtitle A but which. . .

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to . . .

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) *Penalty in Addition to Other Penalties.*—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

■ Plaintiff's theory is apparently that the money he received as salary constituted an exchange for value of services performed and that there is no taxable gain when a person exchanges his labor for money. The self-assessment on plaintiff's tax return is substantially incorrect and is patently frivolous. The Internal Revenue Code unambiguously provides that gross income includes compensation for services. 26 U.S.C. § 61. Further, the courts have

held that compensation for labor or services paid in the form of wages or salaries is income taxable under the income tax laws. *See, e.g., Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977); *United States v. May*, 555 F.Supp. 1008 (E.D.Mich.1983).

 Plaintiff further asserts that the administrative fine is unconstitutional because the Secretary of the Treasury does not have the power to levy fines; because the authority to levy fines has been unconstitutionally delegated and because the levying of fines without a prior hearing violates due process. The Secretary of the Treasury has been granted the power to assess penalties. 26 U.S.C. § 6201. Further, the authority has been properly delegated to the District Directors and directors of regional service centers of the Internal Revenue Service. 26 C.F.R. § 301.6201–1(a). *Cf., The Dollar Savings Bank v. United States*, 86 U.S. (19 Wall.) 227, 240, 22 L.Ed. 80 (1873) (A tax assessment may be made by designated officers.). Thus, there has been no unconstitutional delegation of the authority to assess penalties. Further, there has been no due process violation. A tax may be assessed without prior hearing as long as a taxpayer can sue for refund after the assessment. *See Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974).

In accordance with the foregoing, defendant's motion to dismiss is granted and plaintiff's motion to compel answers to interrogatories is denied as moot.

Order Accordingly.