Harry L. STAMP and Marilyn E. Stamp, Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

No. 83 C 7437.

United States District Court, N.D. Illinois, E.D.

Jan. 30, 1984.

Harry L. Stamp and Marilyn E. Stamp, pro se.

Deborah S. Meland, U.S. Dept. of Justice, Washington, D.C., Joan Laser, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Harry L. and Marilyn E. Stamp ("Stamps") have sued to set aside a $500 civil penalty for filing a frivolous tax return, assessed against them pursuant to Internal Revenue Code ("Code") § 6702, 26

**1.** Commissioner contends he is not the proper defendant in a tax refund suit (see Code § 7422(f)) and asks for an order substituting the United States as defendant. That order is entered contemporaneously with (more accurately, immediately before) the dismissal of this action.

U.S.C. § 6702, by the Commissioner of Internal Revenue ("Commissioner").[1] Stamps have paid 15% of the penalty, or $75, to perfect their right of review under Code § 6703.

Commissioner now moves alternatively to dismiss under Fed.R.Civ.P. ("Rule") 12(b)(6) or for summary judgment under Rule 56. Because Commissioner relies wholly on Stamps' own Complaint and tax return, and because Stamps have wholly failed to respond to Commissioner's motion (see this District Court's General Rule 13), the appropriate disposition appears to be entry of judgment on the pleadings under Rule 12(c).[2] Such a judgment is entered in favor of the United States (see n. 1), and this action is dismissed.

This case's entire factual record consists of an authenticated copy of Stamps' purported tax return. On Stamps' 1982 IRS Form 1040 every line item requesting financial information is filled in with either the word "object" or the word "none." Stamps attached to their Form 1040 a memorandum with exhibits defending (on purported Fifth Amendment grounds) their failure to give additional information, and they typed at the top of the form:

The attached fourteen page memorandum is to be considered a part of this return. The word "object" in response to a specific question means on the grounds of possible self incrimination.

Except for Stamps' extended memorandum, this case is similar to a great many already decided involving the rights of apparent tax protesters. Stamps seek to lodge many constitutional objections to the penalty, but Commissioner calls on established precedent that simply leaves no room for ruling in Stamps' favor. This opinion deals briefly with each of Stamps' arguments.

**2.** True enough, no answer has been filed, so it is not literally accurate to say this is "[a]fter the pleadings are closed." But nothing in any United States' answer is going to *enhance* Stamps' position.

*Applicability of Code § 6702*

Code § 6702 took effect as part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97–248:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.

(a) *Civil Penalty.*—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) *Penalty in Addition to Other Penalties.*—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

Its legislative history (S.Rep. No. 494, 97th Cong., 2d Sess. 278, U.S.Code Cong. & Admin.News 1982, p. 781) expressly provides:

The penalty will be immediately assessable against any individual filing a "return" in which many or all of the line items are not filled in except for references to spurious constitutional objections.

Thus Code § 6702 permits the assessment, provided Commissioner meets the burden of showing Stamps' constitutional objections are not just unsuccessful but "spurious" or, in the statutory term, "frivolous." [3] There seems no substantive difference in those terms, and this opinion will adhere to the "frivolous" language enacted into law.

*Fifth Amendment Claim*

■ Stamps' Fifth Amendment claim *is* frivolous because, as our Court of Appeals recently held in *United States v. Verkuilen*, 690 F.2d 648, 654 (7th Cir.1982), the Fifth Amendment cannot justify the filing of a purported return that "does not disclose sufficient information from which tax liability can be calculated" unless the taxpayer makes "a colorable showing that he is involved in some activity for which he could be criminally prosecuted." Indeed Justice Holmes long ago stated for the Court in *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 71 L.Ed. 1037 (1927):

It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime.

*See Lutz v. United States*, No. 83–CV–8384–FL (E.D.Mich. Dec. 6, 1983).

■ Stamps attempt to make a "colorable showing" of involvement in criminal activity as *Verkuilen* requires.[4] Essentially they argue everyone knowingly or unknowingly commits at least some crimes, and the information any individual supplies to the government (if viewed as a whole) is likely to permit those crimes to be established or discovered. They cite as an example 18 U.S.C. § 1001, which prohibits supplying false information to the government, and they advert to the myriad governmen-

---

**3.** Stamps appear to suggest, not explicitly but impliedly in their attached exhibits, Commissioner in the past has not penalized taxpayers filing returns such as theirs under Code § 6702 or any Code section. That contention would of course be irrelevant unless they show discriminatory enforcement. They have not attempted such a showing.

**4.** Stamps also attempt to show they have invoked the Fifth Amendment in good faith. In light of their memorandum's impressive array of both legal and non-legal authorities, and the long-standing interest in the relevant issues that array reflects, it is likely they believe fervently in their cause. Were subjective good faith the test, they would presumably meet it. But as *Verkuilen* indicates, the propriety of Stamps' invocation of the Fifth Amendment privilege turns not on their state of mind alone but on the objective facts as well.

tal agencies to which average American citizens provide information.

*Verkuilen's* "colorable showing" standard may perhaps present a low threshold for invocation of the Fifth Amendment. But the showing must nonetheless be "that [the taxpayer] is involved in some activity for which he could be criminally prosecuted." That requires more than the vague generalities Stamps have tendered—hypothetical possibilities common (as they themselves acknowledge) to the entire populace. Their statement is chock-full of "ifs" and empty of facts. It is not "colorable" in any meaningful sense.

### Due Process Claim

█ Stamps object to the assessment of a penalty without a prior hearing on the validity of their defense, and to the requirement they pay 15% of that penalty before they can obtain review of its assessment. However *Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974) held a tax may be assessed without a prior hearing as long as the taxpayer can sue for a refund after paying the assessment. Code § 6702 penalties are not distinguishable from other taxes on that score.

### Article I, Section 7 Claim

█ Stamps claim Code § 6702 is unconstitutional because TEFRA (of which it is a part) originated in the Senate in contravention of U.S. Const. art. I, § 7 (the "Origination Clause"), which provides:

All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills.

In point of fact TEFRA resulted from the Senate's striking the entirety of the House bill and substituting its own language (which the House and the President ultimately accepted).

However strained an application of the Origination Clause that might seem as an original proposition, hoary doctrine permits just such wholesale amendment so long as the Senate version is relevant to the subject matter of the original House version. *Flint v. Stone Tracy Co.,* 220 U.S. 107, 142–43, 31 S.Ct. 342, 345–46, 55 L.Ed. 389 (1911) thus upheld the Senate's capacity to strike an inheritance tax originating in the House and substitute for it a corporation tax. On the same analysis *Frent v. United States,* 571 F.Supp. 739, 742 (E.D.Mich. 1983) has upheld TEFRA itself.

### Eighth Amendment Claim

█ "Cruel and unusual punishment" applies only to criminal punishment rather than civil penalties. *Powell v. Texas,* 392 U.S. 514, 531–32, 88 S.Ct. 2145, 2153–54, 20 L.Ed.2d 1254 (1968). Even were Code § 6702 found a criminal punishment in disguise, it is certainly neither inhuman and barbarous (*Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)) nor grossly disproportionate to the severity of the offense (*Rummel v. Estelle,* 445 U.S. 263, 271–72, 100 S.Ct. 1133, 1137–38, 63 L.Ed.2d 382 (1980)).

### First Amendment Claim

█ While the First Amendment protects the right to petition the government for redress of grievances, no one has a free license to do that on the Form 1040. Letters are cheaper, risk-free and more cost-effective. If what Stamps seek is due consideration of their grievances, this opinion affords them more than that.

### Separation of Powers Claim

█ Separation of powers is a doctrine underlying many of the provisions of the Constitution, but it is not enforceable independent of those provisions. Because Code § 6702 does not violate due process, it represents one way taxpayers may constitutionally be deprived of property. Commissioner did not exercise the judicial power of the United States against Stamps, because his action is subject to de novo review by District Courts such as this one.

### Conclusion

None of Stamps' objections rises even to the level of "frivolousness." In response

to Commissioner's suggestion and Code § 7422(f)(2), the Complaint is amended to substitute the United States as defendant in Commissioner's place. Judgment on the pleadings is granted to the United States under Rule 12(c), and this action is dismissed with prejudice.[5]

5. Even if this case were to be decided on Commissioner's Rule 12(b)(6) motion, the flaw in Stamps' Complaint goes so much to the heart of their action and is so non-curable that dismissal of the action and not merely the Complaint is appropriate.