**Thomas E. SCULL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Timothy W. RUDISAL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**JoAnn CREWS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Ricki L. CHEW, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Ruth A. MANNING, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 83–132–NN, 83–133–NN, 83–148–NN, 83–508–N and 83–522–N.

United States District Court, E.D. Virginia, Norfolk Division.

April 10, 1984.

Thomas E. Scull, Timothy W. Rudisal, JoAnn Crews, Ricki L. Chew and Ruth A. Manning, pro se.

Michael A. Rhine, Asst. U.S. Atty., Norfolk, Va., for defendant.

# 958

## ORDER

CLARKE, District Judge.

This matter is before the Court on cross-motions of the parties for summary judgment. The Court has reviewed the briefs of the parties and the motions are now ripe for disposition.

In these consolidated actions, the plaintiffs seek the abatement of a $500.00 civil penalty assessed against each plaintiff for filing a frivolous income tax return, pursuant to 26 U.S.C. § 6702.[1] The plaintiffs also seek refunds of the 15% prepayment ($75.00) of the penalty they made pursuant to 26 U.S.C. § 6703(c)(1), plus interest, attorney's fees and costs.

The plaintiffs were assessed the penalty on the basis of their 1982 individual income tax returns. On those returns, the plaintiffs reported as income from wages the amount listed on the W–2 Wage and Tax Statements furnished by their employers. Each of the plaintiffs proceeded to report an amount exactly equal to his or her salary as a "cost of labor" on Schedule C–1, and then deducted that amount from their gross income on line 12 of their returns as a business loss. The result was that each plaintiff reported zero taxable income for 1982 and sought a refund of the entire amount that had been withheld from his or her wages.

The Internal Revenue Service (IRS) assessed a civil penalty of $500.00 against each of the plaintiffs, pursuant to 26 U.S.C. § 6702, for filing a frivolous income tax return. The plaintiffs each paid an amount equal to 15% of the penalty assessed against them and filed a claim for a refund of the amount paid, as permitted by 26 U.S.C. § 6703(c)(1). Subsequently, the plaintiffs were notified that their claims for a refund of the partial payment of the penalty had been denied by the IRS. The plaintiffs then filed these actions in federal court to determine their liability for the penalty assessed against them, pursuant to 26 U.S.C. § 6703(c)(2).

The United States has moved for summary judgment on the ground that there is no genuine issue of material fact in each of these consolidated cases. The United States also argues that the Court lacks jurisdiction over several of these claims. The plaintiffs have filed responses to the government's motion, as well as their own motions for summary judgment.

In these actions the plaintiffs have named as defendants the Secretary of the Treasury and the United States of America. The United States alleges that the Secretary of the Treasury is not a proper defendant in these actions, pursuant to 26 U.S.C. § 7422(f).

■ A suit for the refund of any penalty claimed to have been collected without authority may be maintained only against the United States and not against any officer or employee of the United States. 26 U.S.C. § 7422(f). The Court, therefore, lacks jurisdiction over the Secretary of the Treasury because sovereign immunity is waived under this Code section only as to suits against the United States. Accordingly, the Court hereby DISMISSES the Secretary of the Treasury as a defendant in these actions. Consequently, the United States is left as the sole defendant in these actions.

The United States also alleges that the Court lacks jurisdiction over several of these actions because the plaintiffs failed to file their suits in a timely manner. The plaintiffs assert that their suits were all filed within the statutory period.

The plaintiffs bring these actions pursuant to 26 U.S.C. § 6703(c)(2), which provides that suit must be brought in the appropriate United States district court within thirty days after the date on which the taxpayer's claim for a refund of the partial payment of the penalty is denied by the IRS. The United States alleges that several of the plaintiffs failed to file their actions within the thirty day statutory period.

---

**1.** See Appendix for complete texts of 26 U.S.C. §§ 6702 and 6703.

Ricki L. Chew's claim for a refund was denied on June 30, 1983. He filed suit on July 29, 1983, twenty-nine days after the day on which his refund claim was denied.

JoAnn Crews' claim for a refund was denied on July 25, 1983. She filed suit on August 24, 1983, thirty days after the day on which her refund claim was denied.

Ruth A. Manning's claim for a refund was denied on July 7, 1983. She filed suit on August 8, 1983. The thirty day statutory period would have expired on August 6, 1983, which was a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a), however, when the last day of a time period falls on a Saturday, Sunday, or legal holiday, the period is extended to the next day which is not a Saturday, Sunday, or legal holiday. Since the thirty day statutory period with respect to Manning's suit would have expired on Saturday, August 6, 1983, the period was extended to Monday, August 8, 1983, on which date her suit was filed.

The refund claims of both Timothy W. Rudisal and Thomas E. Scull were denied on July 5, 1983. Both of these plaintiffs filed suit on August 5, 1983, thirty-one days after the day on which their refund claims were denied. The thirty day statutory period expired on August 4, 1983.

■ Since the complaints of plaintiffs Rudisal and Scull were not filed within the thirty day statutory period, this Court does not have jurisdiction over these claims pursuant to 26 U.S.C. § 6703(c)(2). Accordingly, the complaints of plaintiffs Timothy Rudisal and Thomas E. Scull are hereby DISMISSED for lack of jurisdiction.

■ The Court FINDS that the complaints of plaintiffs Ricki L. Chew, JoAnn Crews, and Ruth A. Manning were filed in a timely manner. The Court will therefore consider these motions with regard to these three remaining plaintiffs.

The plaintiffs argue both that the penalty was improperly assessed against them and that the statute in question, 26 U.S.C. § 6702, is itself unconstitutional on a variety of grounds. The United States asserts that the penalty was properly assessed against these plaintiffs and that the statute is constitutional. The Court will examine each of the plaintiffs' allegations in turn.

Section 6702 of the Internal Revenue Code (26 U.S.C. § 6702) provides in pertinent part that a penalty of $500.00 shall be assessed if (1) an individual files a return which contains information that on its face indicates that the self-assessment is substantially incorrect, and (2) that conduct is due to a frivolous position or a desire to delay or impede the administration of the income tax laws. This section was added to the Code as a part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), and became effective on September 3, 1982. Pub.L. No. 97–248, Title III, § 326(a), 96 Stat. 617 (1982).

The legislative history of § 6702 indicates that Congress was concerned about the large increase in the number of illegal protest returns being filed. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1023–24. In enacting this section, Congress sought to impose an immediately assessable penalty, in order to deter the filing of protest returns. *Id.* Under the previous laws, taxpayers who filed a protest return were subject to a penalty only if they also underpaid their tax. *Id.*

## UNCONSTITUTIONAL ENACTMENT

■ The plaintiffs challenge the constitutionality of TEFRA, of which § 6702 was a part, alleging that it was enacted in violation of the origination clause, Article I, § 7, cl. 1 of the Constitution. That clause states: "All bills for raising revenue shall originate in the House of Representatives; but the Senate may propose or concur with amendments as on other bills."

This allegation is meritless. Several courts have rejected similar challenges to the constitutionality of TEFRA. *See, e.g., Stamp v. Commissioner,* 579 F.Supp. 168 (N.D.Ill.1984); *Kloes v. United States,* 578 F.Supp. 270 (W.D.Wis.1984); *Milazzo v. United States,* 578 F.Supp. 248 (S.D.Cal.

1984); *Bearden v. Commissioner*, 575 F.Supp. 1459, 1460–61 (D.Utah 1983); *Frent v. United States*, 571 F.Supp. 739, 742 (E.D.Mich.1983). The argument is flawed because TEFRA did in fact originate in the House of Representatives.

A review of the legislative history of TEFRA reveals that the bill that eventually became TEFRA originated in the House of Representatives as H.R.4961, a bill to make miscellaneous changes in the tax laws. H.R.Conf.Rep. No. 760, 97th Cong., 2nd Sess. 409, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1190. The Senate amended the House bill by striking out all of the text following the enacting clause and inserting a substitute text. *Id.*

The United States Supreme Court has held that the amendment in this manner by the Senate of a revenue bill which originated in the House does not violate Article I, § 7, cl. 1 of the Constitution as long as the amendment is germane to the subject matter of the original House bill. *Flint v. Stone Tracy Co.*, 220 U.S. 107, 143, 31 S.Ct. 342, 346, 55 L.Ed. 389 (1911). In *Flint*, the Supreme Court held that the substitution by the Senate of a tax on corporate income for an inheritance tax in a House bill was not a violation of the origination clause. *Id.* at 143, 31 S.Ct. at 346.

TEFRA is not unconstitutional as being a revenue measure not originating in the House of Representatives under Article I, § 7, cl. 1 of the Constitution. To the contrary, TEFRA was enacted in complete accordance with the Constitution. *See Bearden v. Commissioner*, 575 F.Supp. at 1461; *Frent v. United States*, 571 F.Supp. at 742. The Senate amendments were "germane to the subject matter of the bill and not beyond the power of the Senate to propose." *Flint v. Stone Tracy Co.*, 220 U.S. at 143, 31 S.Ct. at 346.

### RIGHT TO A PREASSESSMENT HEARING

The plaintiffs argue that 26 U.S.C. § 6703 violates the due process clause of the fifth and fourteenth amendments because it requires that they pay 15% of the assessed penalty before they can obtain a review of the correctness of the assessment. They allege that they are entitled to a preassessment hearing.

■ In general, the lack of a preassessment hearing does not violate due process. The Supreme Court has held that a tax may be assessed without a prior hearing provided that the taxpayer can sue for a refund after payment of the assessment. *Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974); *Phillips v. Commissioner*, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931); *Dodge v. Osborn*, 240 U.S. 118, 122, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916).

■ Congress made a determination that an immediately assessable penalty was necessary to deter the filing of protest returns. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1023–24. While determining that an immediately assessable penalty was necessary, Congress provided a mechanism for judicial review in § 6703. Pursuant to § 6703, taxpayers may seek review in an original action after filing a claim with the IRS and paying 15% of the penalty. These procedures afford taxpayers a full opportunity to litigate their liability for the penalty assessed against them. As the Supreme Court has held, a post-assessment judicial review, such as that provided in § 6703, provides all the process that is due a taxpayer. *Bob Jones University v. Simon*, 416 U.S. at 746, 94 S.Ct. at 2050. The penalty review procedures of § 6703 do not violate due process. *See Stamp v. Commissioner*, 579 F.Supp. 168 (N.D.Ill.1984); *Kloes v. United States*, 578 F.Supp. 270 (W.D.Wis.1984); *Milazzo v. United States*, 578 F.Supp. 248 (S.D.Cal. 1984); *Googe v. Secretary of the Treasury*, 577 F.Supp. 758 (E.D.Tenn.1983); *Bearden v. Commissioner*, 575 F.Supp. 1459, 1461 (D.Utah 1983).

### VAGUENESS

The plaintiffs assert that the term "frivolous" is not defined in the Internal Reve-

nue Code. The Court interprets this claim as an allegation that § 6702 violates the due process clause of the fifth and fourteenth amendments because it is void for vagueness.

■ All that is required by due process is that the prohibited conduct be described so that "the ordinary person exercising ordinary common sense can sufficiently understand and comply ...." *Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973).

■ The language of § 6702 comports with this standard. The term "frivolous" is one which the ordinary person understands to mean "having no basis in law or fact." Webster's Third New International Dictionary 913 (1971). Furthermore, Congress defined the term "frivolous" as meaning "clearly unallowable." S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1024. The term "frivolous" in § 6702 is not unconstitutionally vague. *See Kloes v. United States*, 578 F.Supp. 270 (W.D.Wis. 1984); *Franklet v. United States*, 578 F.Supp. 1552 (N.D.Cal.1984).

### SEPARATION OF POWERS

■ The plaintiffs allege that § 6702 is unconstitutional because it vests judicial power in the Internal Revenue Service. Specifically, the plaintiffs assert that the authority to levy fines has been unconstitutionally delegated to the IRS.

This allegation is without merit. The method which Congress has chosen to enforce the internal revenue laws in § 6702 is entirely constitutional. Furthermore, the action of the IRS in assessing the penalty is subject to *de novo* review by a federal court, in an action such as this one. The plaintiffs' separation of powers argument is spurious. *See Stamp v. Commissioner*, 579 F.Supp. 168 (N.D.Ill.1984); *Milazzo v. United States*, 578 F.Supp. 248 (S.D.Cal. 1984); *Googe v. Secretary of the Treasury*, 577 F.Supp. 758 (E.D.Tenn.1983); *Bearden*

*v. Commissioner*, 575 F.Supp. 1459, 1461 (D.Utah 1983).

### VIOLATION OF ADMINISTRATIVE PROCEDURE ACT

■ The plaintiffs assert that the failure of the IRS to publish in the Federal Register interpretive guidelines for § 6702 violates the freedom of information provisions of the Administrative Procedure Act, 5 U.S.C. § 552(a)(1)(D).[2] This failure to publish guidelines, they argue, violates due process because the statute does not provide sufficient notice of what actions are subject to the penalty.

This contention is baseless. The penalty was assessed against the plaintiffs pursuant to the plain language of § 6702. The statute itself provided sufficient notice to the plaintiffs that the actions they took when they filed their returns would subject them to the penalty. Accordingly, no interpretive guidelines were necessary. *See Franklet v. United States*, 578 F.Supp. 1552 (N.D.Cal.1984).

### RIGHT TO PETITION FOR REDRESS OF GRIEVANCES

■ The plaintiffs argue that § 6702 infringes upon their first amendment right to petition the government for redress of grievances. They allege that the assessment of the penalty amounts to a fine upon a taxpayer who is attempting to petition the government.

The assessment of a penalty for the violation of the internal revenue laws does not infringe upon the plaintiffs' first amendment rights. *See Milazzo v. United States*, 578 F.Supp. 248 (S.D.Cal.1984); *Bearden v. Commissioner*, 575 F.Supp. 1459, 1461 (D.Utah 1983). It does not prevent taxpayers from seeking changes in the internal revenue laws through appropriate channels.

### FOURTH AND FIFTH AMENDMENTS

The plaintiffs allege that they must give up their fourth and fifth amendment rights

**2.** See Appendix for text of 5 U.S.C. § 552(a)(1).

in order to file returns which the IRS will find acceptable. They assert that they must waive their fourth amendment right to have a search warrant issued to obtain the information required to be included on their tax returns. This position is untenable. The plaintiffs lack the required expectation of privacy needed to raise a valid fourth amendment claim. *See Couch v. United States,* 409 U.S. 322, 336, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973); *Katz v. United States,* 389 U.S. 347, 351–52, 88 S.Ct. 507, 511–12, 19 L.Ed.2d 576 (1967); *cf. Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir.1982).

The plaintiffs claim that in order to avoid the assessment of the § 6702 penalty they must file returns which are self-incriminating, in violation of the fifth amendment. They suggest that if they file returns which claim the fifth amendment in response to certain questions they will be fined for filing frivolous returns.

■■■■■■■ Tax protesters have attempted on numerous occasions to invoke the fifth amendment to justify either their failure to file tax returns or their failure to respond to particular items on their tax returns. It is well settled that a taxpayer may not claim the fifth amendment privilege in support of his refusal to file a tax return. *United States v. Sullivan,* 274 U.S. 259, 263, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Heise,* 709 F.2d 449, 451 (6th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 285, 78 L.Ed.2d 262 (1983); *United States v. Pilcher,* 672 F.2d 875, 877 (11th Cir.), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 S.Ct. 286 (1982); *United States v. Neff,* 615 F.2d 1235, 1239 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). A taxpayer, however, may claim the privilege validly on his tax return if he makes a "colorable showing that he is involved in some activity for which he could be criminally prosecuted ...." *United States v. Verkuilen,* 690 F.2d 648, 654 (7th Cir.1982); *see United States v. Neff,* 615 F.2d at 1239. The plaintiffs have not made such a showing. Nor is the statute facially invalid on this

ground, because, as stated previously, the fifth amendment can be asserted validly. *See United States v. Verkuilen,* 690 F.2d at 654. The plaintiffs' fifth amendment claims are groundless. *See Stamp v. Commissioner,* 579 F.Supp. 168 (N.D.Ill.1984); *Kloes v. United States,* 578 F.Supp. 270 (W.D.Wis.1984); *Milazzo v. United States,* 578 F.Supp. 248 (S.D.Cal.1984); *Bearden v. Commissioner,* 575 F.Supp. 1459, 1461 (D.Utah 1983).

## APPLICATION OF § 6702 PENALTY

■■■■■ Having dispensed with the plaintiffs' claims that 26 U.S.C. § 6702 is unconstitutional, the Court now turns to an examination of its application to the 1982 tax returns filed by the plaintiffs. The plaintiffs allege that the penalty was assessed improperly against them, because the requirements of the statute have not been met. The Government asserts that the penalty was properly assessed and that the requirements of the statute have been satisfied.

The § 6702 penalty may be assessed only if three requirements are met. First, the taxpayer must file what purports to be a tax return. 26 U.S.C. § 6702(a)(1). The plaintiffs do not claim that this requirement has not been satisfied.

The second requirement is that the return must either fail to contain information which is sufficient to ascertain whether the self-assessment is correct, § 6702(a)(1)(A), or must contain information which on its face indicates that the self-assessment is substantially incorrect. § 6702(a)(1)(B). The Government asserts that the plaintiffs' returns meet the requirements of § 6702(a)(1)(B), in that they contain information which on its face indicates that the self-assessments are substantially incorrect. The plaintiffs all reported zero taxable income for 1982, despite the fact that their W–2 forms indicated income from wages earned during 1982. A facial examination of the plaintiffs' returns indicates that their self-assessments are substantially incorrect. The Court concludes that § 6702(a)(1)(B) has been satisfied.

The third and final requirement for the assessment of the § 6702 penalty is that the position asserted by the taxpayer is frivolous, § 6702(a)(2)(A), or demonstrates a desire to impede or delay the administration of the income tax laws. § 6702(a)(2)(B). The Government alleges that the plaintiffs' returns satisfy the requirements of both subsections, although only one such subsection must be satisfied in order to assess the penalty.

The plaintiffs' position is that money received as wages is not taxable as income because it constitutes an exchange of labor for compensation. The plaintiffs therefore deducted all of their income as a "cost of labor" and reported zero taxable income. This position is clearly frivolous and is asserted in an effort to avoid the payment of taxes. The Internal Revenue Code explicitly provides that gross income includes compensation for services. 26 U.S.C. § 61(a)(1). Furthermore, the position the plaintiffs assert has been rejected repeatedly by the courts as frivolous. *See, e.g., United States v. Moore,* 692 F.2d 95, 97 (10th Cir.1979); *Funk v. Commissioner,* 687 F.2d 264, 265 (8th Cir.1982) (per curiam); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981); *United States v. Buras,* 633 F.2d 1356, 1361 (9th Cir.1980); *Googe v. Secretary of the Treasury,* 577 F.Supp. 758 (E.D.Tenn.1983); *Nichols v. United States,* 575 F.Supp. 320, 322 (D.Minn.1983). The Court concludes that § 6702(a)(2)(A) has been satisfied. It is therefore unnecessary to determine whether the plaintiffs' returns satisfy § 6702(a)(2)(B).

Accordingly, the Court FINDS that the § 6702 penalty was properly assessed against the plaintiffs. *See Googe v. Secretary of the Treasury,* 577 F.Supp. 758 (E.D.Tenn.1983).

## CONCLUSION

Finding no material facts in dispute, and that the plaintiffs' challenges to the constitutionality and application of § 6702 to their returns are meritless, the Court concludes that the Government is entitled to judgment as a matter of law. It is hereby ORDERED that the defendant's motion for summary judgment be GRANTED, judgment be entered in favor of the Government, and the plaintiffs' complaints be DISMISSED with prejudice.

IT IS SO ORDERED.

## APPENDIX

§ 6702. FRIVOLOUS INCOME TAX RETURN

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties.—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

§ 6703. RULES APPLICABLE TO PENALTIES UNDER SECTIONS 6700, 6701, and 6702

(a) Burden of proof.—In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such issue shall be on the Secretary.

(b) Deficiency procedures not to apply.—Subchapter B of chapter 63 (relating to deficiency procedures) shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702.

(c) Extension of period of collection where person pays 15 percent of penalty.—

(1) In general.—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

(2) Person must bring suit in district court to determine his liability for penalty.—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700, 6701, or 6702 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

(3) Suspension of running of period of limitations on collection.—The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collecting by levy or a proceeding in court.

§ 552. PUBLIC INFORMATION; AGENCY RULES, OPINIONS, ORDERS RECORDS, AND PROCEEDINGS

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—

(A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;

(B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

(C) rules of procedure, descriptions of forms available or the places at which forms may be obtained and instructions as to the scope and contents of all papers, reports, or examinations;

(D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and

(E) each amendment, revision, or repeal of the foregoing.

Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.