**Robin HARPER**

v.

**UNITED STATES of America.**

**Civ. A. No. 83–5634.**

United States District Court,
E.D. Pennsylvania.

July 26, 1984.

---

Peter Goldberger, Bancroft D. Haviland, c/o Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Patricia Scott-Clayton, Glenn L. Archer, Jr., Asst. Attys. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM AND ORDER

KATZ, District Judge.

These cross-motions for summary judgment on stipulated facts raise the issue whether plaintiff is liable for a $500 penalty under § 6702 of the Internal Revenue Code for filing a frivolous 1982 income tax return in which plaintiff refused to pay the tax due because of his objections to use of tax money for war purposes.

Plaintiff's 1982 tax return computed the tax to be $1,512. Plaintiff claimed $1,512 as a "foreign war tax credit." The refusal to pay the 1982 tax was based on his conscientious religious objections to war and war preparations. Plaintiff claimed that he was redirecting the $1,512 tax to an escrow account for the World Peace Tax Fund, and that these funds would be transferred to the U.S. Treasury upon passage by Congress of the World Peace Tax Fund Bill.

The IRS assessed a $500 penalty against plaintiff for this position under § 6702, which provides:

(a) Civil Penalty.—If—

(1) any individual files what purports to be a return of tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

■ This $500 penalty provision does apply to plaintiff's return. The return contained information on its face showing that the self-assessment was incorrect; the position that there is a "foreign war tax credit" is frivolous. In *Franklet v. U.S.*, 578 F.Supp. 1552 (N.D.Cal.1984) (appeal pending), the Court rejected a claim similar to the present one. The plaintiffs in *Franklet* opposed the use of their taxes for military purposes on religious or ethical grounds. Several of the plaintiffs had claimed a "war tax credit" on their returns. The Court held that the "statute's plain language, supported by clear legislative history, demonstrates that plaintiffs' actions are precisely those that Congress intended the statute to reach." *Id.* at 1554–55. The legislative history shows that this section was enacted in part to address this situation:

> the penalty could be imposed against any individual filing a "return" showing ... a reduced tax due, because of the individual's claim of a ... "war tax" deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget ....

S.Rep. No. 494, 97th Cong., 2d Sess. 278 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News 781 at 1024 (General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982). This congressional intent applies to plaintiff, who deleted his tax obligation from the return because of objection to war-related spending. The statutory language governs this case. *Bearden v. Commissioner*, 575 F.Supp. 1459 (D.Utah 1983); *Simpson v. U.S.*, 84–1 U.S.T.C. ¶ 9257 (S.D.Ind.1984); *Ferguson v. U.S.*, 84–1 U.S.T.C. ¶ 9253 (N.D.Cal.1984); *Welch v. U.S.*, 53 A.F.T.R. 2d (P–H) ¶ 84–427 (D.Mass.1984); *Hummon v. U.S.*, 53 A.F.T.R. 2d (P–H) ¶ 84–688 (S.D.Ohio 1984); *Vander Lugt v. U.S.*, 84–1 U.S.T.C. ¶ 9448 (N.D.Ind.1984); *cf. Jenney v. U.S.*, 581 F.Supp. 1309 (C.D.Cal.1984). The conduct also is due to a desire to impede the collection of $1,512 federal income tax which was shown due on plaintiff's return.

■ Plaintiff asserts that the First Amendment prevents the application of the statutory penalty to him. The Court accepts as true for these purposes the fact alleged in plaintiff's declaration that plaintiff sincerely believes in the Quaker tenets of conscientious opposition to war efforts. Nonetheless, the operation of § 6702 does not deprive plaintiff of protected rights of religious freedom, *Graves v. Commissioner*, 82–1 U.S.T.C. ¶ 9223 (6th Cir.1982) (Quakers properly denied war tax deduction); of free speech, *see U.S. v. Malinowski*, 472 F.2d 850, 857 (3d Cir.), *cert. denied*, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); or of petitioning the government for redress of grievances, *Cupp v. Commissioner*, 65 T.C. 68, 83–84 (1975), *aff'd mem.*, 559 F.2d 1207 (3d Cir. 1977). First Amendment challenges to § 6702 have been consistently rejected by the courts. *Franklet v. U.S.*, *supra* at 1556; *Bearden v. Commissioner*, *supra*; *Welch v. U.S.*, *supra*; *Hummon v. U.S.*, *supra*; *Vander Lugt v. U.S.*, *supra*; *Scull v. U.S.*, 585 F.Supp. 956 (E.D.Va.1984). The government's interest in the efficient collection of taxes due outweighs the minimal infringement of plaintiff's First Amendment rights.[1]

---

1. Congress was concerned with the fact that there was 13,600 protest returns as of June 30, 1981 and considered this problem serious enough to justify the $500 penalty legislation.

■ Nor are plaintiff's rights to due process under the Fifth Amendment violated by the imposition of this penalty. Section 6702 is not vague or overbroad. *Franklet v. U.S., supra* at 1557–58 (citing cases); *Hummon v. U.S., supra; Scull v. U.S., supra.* Further, where plaintiff's "actions fall squarely within the statute's unambiguous prohibitions" revealed by the statutory language and legislative history, plaintiff has no grounds to complain. *Franklet v. U.S., supra* at 1558.

Plaintiff's challenges to the fairness of the adjudicative process under §§ 6702 and 6703 must also fail. First, the notice received by plaintiff adequately showed the assessment of the penalty, the taxable year at issue, and the statutory basis for the assessment.[2] This satisfies the requirements of due process. *Franklet v. U.S., supra* at 1559 (citing cases); *Hummon v. U.S., supra; Vander Lugt v. U.S., supra.* Plaintiff does not allege that the IRS failed to follow the statutory procedures under § 6703 which allow plaintiff to pay fifteen percent of the penalty and file a claim for refund and abatement. The general statement of the IRS position affords fair notice, does not shift the burden of proof to plaintiff and has not prevented plaintiff from raising any legal or factual objection to the assessment. *Franklet v. U.S., supra* at 1559. The person who reviewed plaintiff's claim for a refund was not the person who had initially assessed the penalty. Stipulation of Facts, ¶¶ 13–14.

■ Plaintiff next objects that he was not given an evidentiary administrative hearing, and that his rights were violated by the requirement of § 6703(c)(1) that he pay fifteen percent of the $500 penalty before challenging it. Plaintiff was afforded full procedural due process on the facts in this case, where his return was clearly covered by § 6702 and where he had an adequate opportunity for judicial review. As Justice Brandeis stated: "Where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate." *Phillips v. Commissioner,* 283 U.S. 589, 596–97, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931); approved in *Fuentes v. Shevin,* 407 U.S. 67, 92 n. 24, 92 S.Ct. 1983, 2000 n. 24, 32 L.Ed.2d 556 (1972). These procedures satisfy due process requirements. *Franklet v. U.S., supra* at 1560; *Bearden v. Commissioner, supra* at 1461; *Scull v. U.S., supra; Rowe v. U.S.,* 583 F.Supp. 1516 (D.Del.1984); *Ueckert v. U.S.,* 581 F.Supp. 1262 (D.N.Dak.1984); *Milazzo v. U.S.,* 578 F.Supp. 248 (S.D.Cal.1984); *Googe v. Secretary of the Treasury,* 577 F.Supp. 758 (E.D.Tenn.1983); *Simpson v. U.S., supra; Merritt v. Commissioner,* 84–1 U.S.T.C. ¶ 9258 (E.D.Tenn.1984); *Stamp v. Commissioner,* 579 F.Supp. 168, 171 (N.D.Ill. 1984); *Kloes v. U.S.,* 578 F.Supp. 270 (W.D. Wis.1984); *Ferguson v. U.S., supra; Hummon v. U.S., supra; Vander Lugt v. U.S., supra; Karpowycz v. U.S.,* 586 F.Supp. 48 (N.D.Ill.1984).

1982 U.S.Code Cong. & Ad.News at 1023–24. The government has a substantive interest in collecting unpaid tax liabilities. *See* 1983 Annual Report of the Commissioner and Chief Counsel for the Internal Revenue Service (Tables 13, 14 pp. 60–61) (1,997,000 delinquent taxpayers in 1983 with outstanding liability totalling $7,707,-708,000).

*See also, U.S. v. Lee,* 455 U.S. 252, 258–60, 102 S.Ct. 1051, 1055–56, 71 L.Ed.2d 127 (1982) ("because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax").

**2.** There is some merit to plaintiff's argument that the notice was not a model of clarity because it identified the tax period as "period

ending 8312." This designation complied with IRS procedures under which the tax period for the § 6702 penalty is the year in which the problem is discovered. The notice comported with due process standards because it was easily understood to refer to plaintiff's 1982 return. *See* Plaintiff's Form 843 (refund claim), Ex. A to Stipulation of Facts; *see also* Plaintiff's Complaint. Similarly, there was no due process violation in the October 20, 1983 notice's denying plaintiff's claim for a refund which stated that plaintiff showed a desire to delay and/or impede the administration of federal tax law. Stipulation, ¶ 5. Plaintiff was on notice that the IRS considered his position frivolous. Notice of June 6, 1983, Stipulation, ¶ 2.

The Court also rejects plaintiff's argument that the IRS violated § 6703(c) by continuing to demand payment of the penalty from plaintiff after he had filed his administrative claim for a refund and had designated an attorney as his legal representative. Section 6703(c)(1) provides that upon payment of 15% of the penalty and filing an administrative claim for a refund, "no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun or prosecuted" until the final resolution of proceedings brought by the claimant in district court under § 6703(c)(2). The record does not reveal any levy or proceeding in court for the collection of the unpaid 85% of the penalty. The stipulated facts do show that the IRS sent three letters and notices requesting payment of the penalty after plaintiff filed his administrative claim, which should not have been done, but which did not violate § 6703. Stipulation of Facts ¶¶ 3–5.

Since the application of the penalty to this case is clear, plaintiff is not adversely affected by any failure of the Commissioner to publish regulations interpreting § 6702. *Franklet v. U.S., supra* at 1558; *Hummon v. U.S., supra; Karpowycz v. U.S., supra; Scull v. U.S., supra.* For the same reason, plaintiff's motion to compel discovery of IRS enforcement procedures and tolerances would be pointless. However, there is merit to plaintiff's position that the Commissioner should promptly publish regulations to define the scope of § 6702. Publication of regulations is needed to provide guidance to the public and avoid wasteful litigation.

Section 6702 applies to plaintiff and its penalty was properly assessed. No genuine issue of material fact is presented. Judgment will therefore be entered in favor of defendant and against plaintiff.