762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEECIL O. PILLSBURY, PLAINTIFF-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, DEFENDANT-APPELLEE.
 NO. 84-1197
 United States Court of Appeals, Sixth Circuit.
 4/8/85
 ORDER
 
 1
 BEFORE: ENGEL and JONES, Circuit Judges; and HOLSCHUH, District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This is an appeal from a summary judgment which sustained the imposition of a $500.00 fine for filing a frivolous income tax return in violation of 26 U.S.C. Sec. 6702. The fine was levied because the appellant objected to every question on his 1982 tax return, asserting the fifth amendment privilege against compulsory self-incrimination. On appeal, Pillsbury contends that the district court dismissed his complaint in contravention of the Constitution.
 
 
 4
 The appellant's main contention is that his income tax return was not frivolous because he properly asserted the fifth amendment privilege in response to each question. The blanket assertion of the fifth amendment privilege in this situation is a frivolous position. Heitman v. United States, No. 84-5302 (6th Cir. Slip Op. October 18, 1984); Brennan v. Commissioner of Internal Revenue, No. 84-1306 (6th Cir. Slip Op. October 22, 1984).
 
 
 5
 The appellant has also claimed that Sec. 6702, as part of the Tax Equity and Fiscal Responsibility Act (TEFRA), is void because the act was passed in violation of the origination clause, Article I, Sec. 7 of the Constitution. TEFRA remained a revenue bill after the Senate amended the Act, and therefore, passage of the Act did not violate the origination clause. Heitman v. United States, supra.
 
 
 6
 Another contention made by the appellant is that Sec. 6702 violates due process considerations because a hearing is not required prior to imposition of the fine. As the appellant did here, one may pay 15% of the fine and contest the imposition of the fine in district court. This procedure adequately protects the taxpayer's rights. Heitman v. United States, supra.
 
 
 7
 Finally, the appellant has cited various other alleged constitutional violations concerning Sec. 6702. These arguments are also without merit. The Act does not prevent one from seeking changes in the revenue laws through appropriate channels and thus does not infringe upon the right to petition the government for redress. Scull v. United States, 585 F.Supp. 956 (E.D. Va. 1984). Also, the Act does not violate the concept of separation of power because the fine is subject to de novo review in Federal Court. Scull v. United States, Id. Section 6702 does not impose a criminal sanction, and thus, the argument that it violates the eighth amendment, as cruel and unusual punishment, is without merit. Brennan v. C.I.R., 581 F.Supp. 28 (E.D. Mich. 1984); Stamp v. C.I.R., 579 F.Supp. 168 (N.D. Ill. 1984). The argument that Sec. 6702 is a bill of attainder is unpersuasive because the statute penalizes illegal conduct, not tax protestors as an identifiable group. Milazzo v. United States, 578 F.Supp. 248 (S.D. Cal. 1984).
 
 
 8
 Accordingly, it is ORDERED that the judgment of the district court be affirmed. Rule 9(d)3, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation