**Ihor B. KARPOWYCZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 83 C 7899.**

United States District Court, N.D. Illinois, E.D.

May 8, 1984.

Ihor B. Karpowycz, pro se.

Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Ihor B. Karpowycz ("Karpowycz") brings this action pursuant to 26 U.S.C. §§ 6703 and 7422, challenging a civil penalty of $500 imposed upon him by the

Internal Revenue Service ("IRS") for filing a tax return deemed "frivolous" pursuant to 26 U.S.C. § 6702. Presently pending before the Court is the IRS's motion to dismiss or for summary judgment. For the reasons set forth below, the motion is granted.

To obtain summary judgment, the government as movant must clearly establish the nonexistence of any genuine issue of material fact that is material to a judgment in its favor. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir.1979). Karpowycz is entitled to all reasonable inferences that can be made in his favor from the evidence presented. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Karpowycz filed his Individual Income Tax Return ("1040") for calendar year 1982 in April 1983. Both his form 1040 and his 1982 wage and tax statement ("form W–2") disclose that he had income from wages, salaries, tips, etc. of $25,138.69 in 1982. His form W–2 establishes that his employer was the Sun Electric Corporation of Crystal Lake, Illinois. After listing his income from wages, salaries, tips, etc. on form 1040 as $25,138.69, Karpowycz altered Line 29 of the form 1040 to read "NON–CONSTRUCTIVE RECEIPT", and entered $23,404.77 in that space. This left him with a total income of $2,048.75 for calendar year 1982. After claiming his $1,000 personal exemption, Karpowycz claimed a taxable income of $1,048.75, thus enabling him to report a total tax of $0.

On July 20, 1983, the IRS notified Karpowycz that his purported return failed to contain information as required by law, and did not comply with Internal Revenue Code Requirements. The IRS requested that Karpowycz file a proper return. Karpowycz subsequently filed a purported amended return form 1040 which listed $1,733.92 as wages, salaries, tips, etc. on Line 7, was altered to read "ONLY CONSTRUCTIVELY REC'D $'S, IF ANY". Karpowycz attached to his amended return a copy of form W–2 issued by Sun Electric Corporation, again indicating wages in the amount of $25,138.69 for 1982. He also attached a copy of IRS Form 1087–DIV for 1982, declaring that he is a "nominee-agent" for "PROFESSIONAL & TECHNICAL SERVICES (a TRST). c/o AMERICAN DYNAMICS CORP.", and reported an amount of $23,404.77 as non-taxable distributions. The amount he reported as wages, salaries, tips, etc. on this amended 1040 ($1,733.92) represents the difference between the amounts reported on his form W–2 ($25,138.69) and the IRS Form 1087–DIV ($23,404.77).

Based on Karpowycz's filing of his original and amended returns, the IRS assessed a frivolous return penalty in the amount of $500 pursuant to 26 U.S.C. § 6702. Karpowycz has paid 15% of the penalty, or $75, and has perfected his right to review under 26 U.S.C. § 6703.[1]

---

1. According to the relevant portions of 26 U.S.C. § 6703,

   [i]f, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

   (2) Person must bring suit in district court to determine his liability for penalty.—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700, 6701, or 6702 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

Whether Karpowycz filed a frivolous tax return is a question of law. *See United States v. Moore*, 627 F.2d 830, 834 (7th Cir.1980). The government has the burden of proving that any penalties assessed are justified. 26 U.S.C. § 6703.

According to 26 U.S.C. § 6702:

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

Section 6702 of the Internal Revenue Code is part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. Law, No. 97–248, 96 Stat. 324(617). The legislative history of TEFRA discloses that Congress enacted § 6702 to deter taxpayers from filing returns which provide insufficient information for determining the accuracy of the taxpayers' self-assessment of tax liability, or which provide information indicating that the amount shown on the return is substantially incorrect. *Miller v. United States*, 577 F.Supp. 980, 981 (N.D. Ind.1984).

Karpowycz argues that a substantial portion of his wages earned while employed by Sun Electric Corporation is non-taxable, since he earned the wages while he was a "nominee-agent" for Professional and Technical Services ("PTS"), a purported trust created by an entity known as American Dynamics Corporation. Karpowycz claims that by virtue of owning a property interest in his own labor, he may convey his "personal services property assets" to PTS in accordance with a personal service contract executed between himself and PTS.

We disagree. The self-assessments on Karpowycz's original and amended tax returns are substantially incorrect and are patently frivolous. It is well settled that gross income includes compensation for services. 26 U.S.C. § 61. In addition, the Supreme Court has held that compensation for labor or services paid in the form of wages or salaries is income taxable under federal income tax laws. *See e.g., Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977). In this regard, *Benningfield v. Commissioner*, 81 T.C. 408 (1983), is most instructive:

A fundamental principle of our tax system is that income must be taxed to the one who earns it. Even assuming their validity under State law, contractual arrangements designed to circumvent this rule, by attempting to deflect income away from the one who earns it, will not be recognized for Federal income tax purposes. Determining who earns the income depends upon which person or entity in fact controls the earning of the income, not who ultimately receives the income.

81 T.C. at 418–419 (citations omitted).

In his claim for refund, complaint and supporting documents, Karpowycz has failed to show the existence of a contract or other agreement between PTS and Sun Electric Corporation. Rather, Karpowycz simply asserts that an "implied contract" may be negotiated between a nominee-agent and the personnel manager of the company in which the nominee-agent provides services. In addition, Karpowycz does not claim that PTS has the right to direct or control his activities as an engineer. As the court held in *Benningfield:*

[w]here … the right to receive income is contingent upon the continued performance of services by an individual, the "Income is taxable to the person whose performance of services creates the right to receive the income." *United States v.*

*Landsberger,* 692 F.2d 501, 503 (8th Cir. 1982), aff'g on this issue 539 F.Supp. 142, 144 (D.Minn.1982).

81 T.C. at 420–421.

■ Karpowycz's purported agreement at best is simply an anticipatory assignment of income, not recognized as a valid tax deferral structure under the federal income tax laws. *Lucas v. Earl,* 281 U.S. 111, 114–115, 50 S.Ct. 241, 241, 74 L.Ed. 731 (1930). We therefore conclude that Karpowycz's tax return is frivolous, since it contains both "altered or incorrect descriptions of line items or other provisions" and is a return which shows an incorrect or reduced tax because of a claim of a "clearly unallowable deduction." S.Rep. No. 494, 97th Cong., 2d Sess. 277–78, U.S.Code Cong. & Admin.News 1982, pp. 781, 1024.[2]

### Article 1, Section 7 Claim

■ Karpowycz maintains that since § 6702 originated in the Senate, rather than the House of Representatives, it contravenes article I, Section 7 of the United States Constitution. Article I, Section 7 provides that

[a]ll Bills for raising revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills.

TEFRA originated in the House of Representatives, but was amended in its entirety by the Senate. In *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911), the Supreme Court upheld wholesale amendment of House legislation by the Senate as long as the Senate's version is relevant to the subject matter of the original House version. *Id.* at 142–43, 31 S.Ct. at 345–46. *See also Stamp v. Commissioner of Internal Revenue,* 579 F.Supp. 168, 171 (N.D.Ill.1984); *Frent v.*

*United States,* 571 F.Supp. 739, 742 (E.D. Mich.1983).

### Due Process Claim

■ Karpowycz claims that the assessment of a penalty without a prior hearing on the validity of his defense, and the requirement that he pay 15% of that penalty prior to review of its assessment violates due process. However, a tax may be assessed without a prior hearing as long as the taxpayer can sue for a refund subsequent to the assessment. *Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974). The penalties in § 6702 are not distinguishable from other taxes in this respect. *Stamp v. Commissioner of Internal Revenue,* 579 F.Supp. 168, 171 (N.D.Ill.1984).

### Freedom of Information Claim

■ Karpowycz also argues that the IRS's failure to publish interpretive guidelines for Section 6702 in the Federal Register violates freedom of information provisions of the Administrative Procedure Act, specifically 5 U.S.C. § 552. But *Franklet v. United States,* 84–1 U.S.T.C. 9151 (N.D. Cal.1984), held that in light of the plain terms of § 6702 and its unambiguous legislative history, no administrative guidelines were required to be published. The Court added that publication of an administrative interpretation is unnecessary when "(1) only a clarification or explanation of existing laws or regulations is expressed; and (2) no significant impact upon any segment of the public results." *Powderly v. Schweiker,* 704 F.2d 1092, 1098 (9th Cir. 1983).

For all of the foregoing reasons, IRS's motion for summary judgment is granted. It is so ordered.

---

**2.** Karpowycz has alleged several additional constitutional arguments which he did not raise in his claim for a refund. Courts have consistently held that taxpayers may not raise arguments in their complaints which they failed to raise in their claim for refund. *Belt Railway Co. of Chicago v. United States,* 567 F.2d 717, 719–720 (7th Cir.1977); *Continental Illinois National Bank and Trust Co. v. United States,* 67 F.2d 153 (7th Cir.1933). *See also* 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402–2(b) (1983). Moreover, these arguments would be meritless even if properly before us.