Milo L. BODAY and Nance L. Boday, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Ann T. CLEARY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Mark H. CLEMENTS, and Virginia C. Clements, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 84–1767, 84–1837 and 84–3735.

United States Court of Appeals, Ninth Circuit.

Submitted * Dec. 6, 1984.

Decided May 13, 1985.

* The panel unanimously finds this case suitable for decision without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Milo L. Boday, Sedro Woolley, Wash., for plaintiffs-appellants.

Carleton D. Powell, Steven I. Frahm, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before FARRIS, BOOCHEVER and NORRIS, Circuit Judges.

BOOCHEVER, Circuit Judge:

Milo and Nance Boday, Ann Cleary, and Mark and Virginia Clements (taxpayers) appeal separately the district courts' summary judgments in favor of the United States in their tax refund actions. They each contend that the district courts erred

in finding that: (1) the IRS properly assessed $500 frivolous return penalties against them; (2) the fifth amendment does not apply to their claims; (3) they are not entitled to a hearing before imposition of the section 6702 penalty; and (4) they lack standing to challenge the constitutionality of I.R.C. § 6702. The Bodays and Clearys also contend that the district courts erred by holding that Congress enacted section 6702 constitutionally. In view of our prior decisions the fifth amendment contentions are frivolous, although we have not previously specifically so interpreted section 6702. We also have not previously passed on the remaining issues. We now affirm the district courts' awarding of summary judgment to the United States.

### FACTS

Appellants each filed a Form 1040 for 1982 that included their names, addresses, and filing status,[1] but asserted a fifth amendment objection in place of any financial information.

The IRS assessed each appellant a $500 frivolous return penalty under section 6702. Appellants each paid the required fifteen per cent of their assessed penalties and filed claims for refunds with the IRS. The IRS denied their claims.

Taxpayers then filed suits for refund in their respective district courts. The district courts granted the government's motions for summary judgment.

### I. Standard of Review

In reviewing summary judgments, we view the evidence in the light most favorable to the party against whom summary judgment was rendered. *Fine v. Barry & Enright Productions*, 731 F.2d 1394, 1396 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984); *Retail*

*Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). We must determine whether the district courts correctly found that no genuine issue of material fact existed and that the government was entitled to judgment as a matter of law. *Fine*, 731 F.2d at 1396; *Retail Clerks*, 707 F.2d at 1033. We may affirm a summary judgment on any ground appearing in the record. *Fine*, 731 F.2d at 1396.

### II. Fifth Amendment Privilege

Appellants contend that their assertions of the fifth amendment privilege against self-incrimination are not frivolous. Appellants' contention is without merit.

 Appellants provided no financial information on their tax forms. A tax return that contains no information upon which tax liability can be assessed cannot be justified under the fifth amendment unless the taxpayer shows "substantial hazards of self-incrimination that are real and appreciable, and [has] reasonable cause to apprehend such danger." *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam), (citing *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980)). Taxpayers cannot make blanket fifth amendment claims, but must assert their privilege specifically. *Neff*, 615 F.2d at 1238.[2]

 Appellants failed to meet their burden because they offered no specific evidence to support their fifth amendment claims. They merely suggested hypothetical situations in which responses to some of the Form 1040 questions might tend to incriminate the taxpayer. Generalized fear of criminal prosecution is an insufficient

---

1. Cleary did not indicate her filing status on her tax return.

2. Appellants maintain that under *Garner v. United States*, 424 U.S. 648, 650, 96 S.Ct. 1178, 1180, 47 L.Ed.2d 370 (1976), they are entitled to fifth amendment protection because they asserted the privilege against self-incrimination in response to specific questions on their tax forms. Appellants' reliance on *Garner* is misplaced. *Garner* did not address whether certain types of

information requested on the tax form could be so neutral as to bar assertion of the fifth amendment. *Garner*, 424 U.S. at 650 n. 3, 96 S.Ct. at 1180 n. 3. The questions appellants refused to answer here do not suggest incriminating responses and the context in which they answered the questions does not "alter the non-incriminating nature of the questions." *Milazzo v. United States*, 578 F.Supp. 248, 251 (S.D.Cal.1984); *see Neff*, 615 F.2d at 1239–40.

basis for a fifth amendment claim. *Edwards*, 680 F.2d at 1270. This court has not previously considered whether assertion of a groundless fifth amendment claim is "frivolous" under section 6702. The Eighth Circuit, however, has held that a tax return without financial information filed on a baseless fifth amendment claim was "frivolous" under section 6702. *Baskin v. United States*, 738 F.2d 975, 977 (8th Cir.1984) (per curiam). We agree. The district court properly rejected appellants' fifth amendment claims in upholding the IRS assessment of frivolous return penalties against appellants.

### III. *Due Process*

Appellants contend that the IRS cannot determine that their fifth amendment claims are frivolous without a judicial hearing. Cleary further contends that she was entitled to a hearing because the section 6702 sanctions are criminal penalties. These contentions are without merit.

In *Fuentes v. Shevin*, 407 U.S. 67, 90–92 & n. 24, 92 S.Ct. 1983, 1999–2000 & n. 24, 32 L.Ed.2d 556 (1972), *citing Phillips v. Commissioner*, 283 U.S. 589, 596–97, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931), the Supreme Court noted that the United States could collect its internal revenues by summary administrative proceedings if taxpayers have adequate opportunity for a later judicial determination of their legal rights. *See also Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Tavares v. United States*, 491 F.2d 725, 726 (9th Cir.1974) (per curiam), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975).

■ In these cases appellants each paid fifteen per cent of the assessed penalty ($75.00) and filed claims for refund with the IRS. When the IRS rejected their claims, appellants filed actions in district court to obtain a "judicial determination of [their] legal rights." *Phillips*, 283 U.S. at 595, 51 S.Ct. at 611. We have not previously decided whether section 6702 penalties can be assessed without a hearing but *Stonecipher* supports this procedure. In *Stonecipher*, we held that the tax statute adequately protected the taxpayer's due process right by allowing him to contest liability in Tax Court prior to paying the disputed tax or to sue for refund in district court. *Stonecipher*, 653 F.2d at 403. In addition, the Eighth Circuit recently upheld the constitutionality of the section 6702 penalty assessment procedure. *Baskin*, 738 F.2d at 977 (citing *Phillips*). We likewise reject appellants' contention that they were deprived of due process because a portion of the section 6702 penalty was assessed before they were afforded a judicial hearing.

■ Similarly, Cleary's argument that she was entitled to a hearing because section 6702 imposes a criminal penalty fails. Since the original revenue law of 1789 courts have upheld civil sanctions imposed by Congress. *Helvering v. Mitchell*, 303 U.S. 391, 400, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). Congress passed section 6702 to deter taxpayers from filing frivolous "protest returns" to avoid compliance with the tax laws. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277–78 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1023–24. Section 6702 functions remedially, not punitively. *See Helvering*, 303 U.S. at 401, 58 S.Ct. at 634. Moreover, Congress instituted a civil collection procedure for section 6702 penalties, providing taxpayers who pay fifteen per cent of the assessed penalty with a hearing in district court. 26 U.S.C. § 6703(c) (1982); *see Helvering*, 303 U.S. at 402, 58 S.Ct. at 634–35. Finally, Congress has provided for criminal sanctions in other sections of the tax statute, making clear its intention to create a civil sanction under section 6702. *See* I.R.C. §§ 7201–7341; *see Helvering*, 303 U.S. at 404–05, 58 S.Ct. at 635–36. Cleary's contention that section 6702 penalties are criminal sanctions lacks merit.

### IV. *Standing*

■ Appellants contend that the statute's use of the term "frivolous" is unconstitutionally vague. The district courts correctly held that appellants lack standing to challenge section 6702 on this basis. By filing 1040 forms without adequate finan-

cial information on the basis of blanket fifth amendment claims, appellants engaged in clearly prohibited conduct. *Edwards*, 680 F.2d at 1270. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

## V. *Origination Clause*

■ The Bodays and Clements also contend that the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324, which added section 6702 to the Internal Revenue Code, was unconstitutionally enacted. Appellants argue that although the bill originated in the House, the Senate completely amended the content of the bill, thus violating article I, section 7 of the United States Constitution. Their contention is without merit.

Article I, section 7, clause 1 requires that "[a]ll Bills for raising Revenue shall originate in the House of Representatives." We have not previously decided whether TEFRA was constitutionally enacted. A number of district courts, however, have held TEFRA's enactment constitutional.[3] For example, in *Frent v. United States*, 571 F.Supp. 739, 742 (E.D.Mich.1983), *appeal dismissed*, 734 F.2d 14 (6th Cir.1984), the court held that TEFRA was constitutionally enacted, reasoning that nothing in article I, section 7 states that the Senate may not amend revenue raising bills by substituting the text of those bills. *Frent*, 571 F.Supp. at 742. As long ago as 1911 the Supreme Court addressed a similar contention to that raised by appellants. The Court stated:

It is contended in the first place that this section of the act is unconstitutional, because it is a revenue measure, and originated in the Senate in violation of § 7 of Article I of the Constitution, providing that "all bills for the raising of revenue shall originate in the House of Representatives, but the Senate may propose or concur with amendments as on other bills." The history of the act is contained in the Government's brief, and is accepted as correct, no objection being made to its accuracy.

This statement shows that the tariff bill, of which the section under consideration is a part, originated in the House of Representatives and was there a general bill for the collection of revenue. As originally introduced, it contained a plan of inheritance taxation. In the Senate the proposed tax was removed from the bill, and the corporation tax, in a measure, substituted therefor. The bill having properly originated in the House, we perceive no reason in the constitutional provision relied upon why it may not be amended in the Senate in the manner which it was in this case. The amendment was germane to the subject-matter of the bill and not beyond the power of the Senate to propose.

*Flint v. Stone Tracy Co.*, 220 U.S. 107, 142–43, 31 S.Ct. 342, 345–46, 55 L.Ed. 389 (1911).

We conclude that TEFRA was constitutionally enacted.

AFFIRMED.

---

3. *See, e.g., Vaughn v. United States*, 589 F.Supp. 1528, 1532–33 (W.D.La.1984); *Karpowycz v. United States*, 586 F.Supp. 48, 52 (N.D.Ill.1984); *Scull v. United States*, 585 F.Supp. 956, 959–60 (E.D.Va.1984); *Rowe v. United States*, 583 F.Supp. 1516, 1519 (D.Del.1984), *aff'd mem.*, 749 F.2d 27 (3d Cir.1984); *Aune v. United States*, 582 F.Supp. 1132, 1135 (D.Ariz.1984); *Ueckert v. United States*, 581 F.Supp. 1262, 1264 (D.N.D. 1984); *Brennan v. Commissioner*, 581 F.Supp. 28, 30 (E.D.Mich.1984), *aff'd*, 752 F.2d 187 (6th Cir.1984) (per curiam); *Stamp v. Commissioner*, 579 F.Supp. 168, 171 (N.D.Ill.1984); *Kloes v. United States*, 578 F.Supp. 270, 272–73 (W.D. Wis.1984); *Milazzo*, 578 F.Supp. at 252–53; *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911, 914 (W.D.N.C.1984); *Bearden v. Commissioner*, 575 F.Supp. 1459, 1460–61 (D.Utah 1983).