**Earl R. MYERS**

v.

**U.S. GOVERNMENT.**

**Civ. A. No. G–85–93.**

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 23, 1985.

Earl R. Myers, pro se.

Mary Vance, Dallas, Tex., for defendant.

**ORDER**

HUGH GIBSON, District Judge.

Before the Court is defendant United States' motion for summary judgment.

Plaintiff has not responded to defendant's motion.

Plaintiff challenges the penalty of $500.00 the Internal Revenue Service had assessed against him for filing an allegedly frivolous tax return for the year 1983. Title 26 U.S.C. § 6702 affixes a $500.00 penalty against any taxpayer whose tax return "does not contain information on which the substantial correctness of the self-assessment may be judged", or "contains information that on its face indicates that the self-assessment is substantially incorrect," where the taxpayer's conduct is due to a frivolous position or a desire to delay or impede the administration of federal tax law. 26 U.S.C. § 6702.

The evidence supporting the United States' motion shows that in 1983, plaintiff worked for wages totaling $29,793.38.

In his complaint, plaintiff alleged that he "filed his 1040 form for the year 1983 as a petition for redress of grievance under the First Amendment of the U.S. Constitution". He attached to his 1040 form what appeared to be a tax protester's form on which plaintiff reported his wages as "gross receipt in exchange for labor." He then claimed the same amount as a deduction for "cost of labor", thereby wiping out his taxable income and, consequently, tax liability. Plaintiff then demanded a refund of all taxes withheld in 1981, 1982, and 1983.

Although plaintiff's 1040 form did not appear frivolous on its face, the tax protester's form appended to the 1040 form clearly represented a frivolous position. *Davis v. United States Government*, 742 F.2d 171 (5th Cir.1984). The Court finds that this tax protester's form constitutes part of plaintiff's tax return despite the fact that this form was labeled "NOT a return". A request for a tax refund sent to the Internal Revenue Service to which was appended a Form 1040 and W-2 statements were elements of a purported return under the statute prohibiting frivolous filing. *Holker v. United States*, 737 F.2d 751 (8th Cir.1984). Since the plaintiff's stated purpose was to obtain a refund, the documents submitted must be deemed purported tax returns, or else the purpose of the penalty statute would be completely undermined. *Nichols v. United States*, 575 F.Supp. 320 (D.Minn.1983). The Court concludes that plaintiffs' tax return was based on a frivolous position. *Davis, supra.* Therefore, the defendant has satisfied its burden of proving that the penalty was justified. *Karpowycz v. United States*, 586 F.Supp. 48 (N.D.Ill.1984).

The Court finds plaintiff's remaining allegations—that the penalty violated the Administrative Procedures Act, and the Fifth and Seventh Amendments to the Constitution—to be wholly meritless. *See Scull v. United States*, 84–2 U.S.T.C. ¶ 9529 (E.D. Va.1984); *Ueckert v. United States*, 581 F.Supp. 1262 (D.N.Dak.1984).

Accordingly, it is ORDERED, ADJUDGED and DECREED that the defendant's motion for summary judgment be, and is hereby, GRANTED. Defendant's motion to dismiss for improper service of process is MOOT.