952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen M. WADE, Defendant-Appellant.
 No. 91-30047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenn M. Wade appeals the district court's order revoking Wade's probation on the ground Wade violated the conditions of his probation. Wade was on probation as part of his sentence for willful failure to file income tax returns, in violation of 26 U.S.C. § 7203. He contends that he complied with his probation conditions, which required him to submit tax returns and pay back taxes. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On May 7, 1987, after a jury trial, Wade was convicted of three counts of willful failure to file income tax returns for the years 1980-1982. The district court sentenced Wade to two concurrent nine-month sentences for counts I and II, and a one-year sentence to run consecutively for count III. The latter sentence was suspended for four years provided that Wade comply with three specific probation conditions. The conditions required Wade to (1) submit all delinquent tax returns for the years 1979 through 1986 ("Condition I"); (2) claim only those exemptions to which he was legally entitled; and (3) pay all back taxes, penalties, and interest except to the extent that Wade could show an inability to pay by full disclosure of assets and agreement to a reasonable schedule for payment ("Condition III").
 
 
 5
 On August 28, 1990, a petition to arrest Wade was filed because he allegedly violated his probation terms. On December 11, 1990, a magistrate judge held a hearing to determine whether Wade had violated his probation. The magistrate judge filed a report and recommendation finding that Wade had violated Condition III by failing to pay back taxes and making no effort to formulate a reasonable schedule for payment.[1] The magistrate judge also concluded that Wade had complied with Condition I by submitting tax "returns." On January 23, 1991, the district court held a probation revocation hearing. The district court adopted the magistrate judge's finding with respect to Wade's failure to pay back taxes. The district court further concluded that the documents submitted by Wade did not constitute tax returns, and that Wade also had failed to comply with Condition I. The district court revoked Wade's probation and sentenced him to six months in prison and five years probation.
 
 II
 Standard of Review
 
 6
 "A district court has broad discretion to revoke probation when the conditions of probation have been violated." United States v. Tham, 884 F.2d 1262, 1264 (9th Cir.1989). We review the district court's revocation of probation for an abuse of discretion. United States v. Green, 735 F.2d 1203, 1207 (9th Cir.1984).
 
 III
 Merits
 
 7
 Wade contends that his "fifth amendment" tax returns and the attached forms were adequate to fulfill his duty to provide delinquent tax returns.[2] He claims that the IRS had enough information to compute the taxes owed by Wade. In addition, Wade claims a fifth amendment privilege against self-incrimination. Finally, Wade argues that the district court's finding that Wade could pay back taxes was clearly erroneous. Wade's contentions lack merit.
 
 1. Failure to Submit Tax Returns
 
 8
 As a preliminary matter, Wade argues that the district court should have reviewed the magistrate judge's conclusions only for clear error because neither party filed written objections to the magistrate judge's report. Nevertheless, "[a district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." United States v. Remsing, 874 F.2d 614, 617 (9th Cir.1989) (quoting 28 U.S.C. § 636(b)). Therefore, the district court may review de novo the magistrate judge's findings independently. See 28 U.S.C. § 636(b).
 
 
 9
 "As a general rule, a document 'which does not contain any information relating to the taxpayer's income from which the tax owed can be computed' is not a return within the meaning of section 7203." United States v. Kimball, 925 F.2d 356, 357 (9th Cir.1991) (en banc) (per curiam) (citations omitted). A return that does not contain numerical information is not a return under section 7203. Id. at 358. " 'Nothing can be calculated from a blank, but a zero, like other figures, has significance.' " Id. (citation omitted).
 
 
 10
 Here, Wade submitted "returns" that identified his dependents and exemptions. Virtually all other inquiries on the "returns" were answered "Object: Witness Against Self." The district court found these documents frivolous because they left the IRS without information on other income that Mr. Wade might have earned which would be taxable.
 
 
 11
 Wade's responses on his "returns" do not provide financial information, and therefore, these documents do not constitute returns under section 7203. See Kimball, 925 F.2d at 358. The district court properly concluded that Wade had not complied with his duty to submit tax returns. See id.
 
 
 12
 Wade's fifth amendment claim is also without merit. "A tax return that contains no information upon which tax liability can be assessed cannot be justified under the fifth amendment unless the taxpayer show 'substantial hazards of self-incrimination that are real and appreciable, and [has] reasonable cause to apprehend such danger.' " Boday v. United States, 759 F.2d 1472, 1474 (9th Cir.1985) (citation omitted). "Generalized fear of criminal prosecution is an insufficient basis for a fifth amendment claim." Id. at 1474-75.
 
 
 13
 Here, Wade asserts a blanket fifth amendment claim and fails to show specific hazards of self-incrimination. See id. at 1474. Wade's generalized fear of criminal liability does not support his claim. See id.
 
 2. Ability to Pay Back Taxes
 
 14
 Wade contends that he was unable to pay back taxes because he could not find employment after his prison sentence. He claims that the May 10, 1990 letter sent by the IRS to Wade supports his contention that he was cooperating with the IRS to determine his tax liability. Based on these assertions, Wade argues that the district court's conclusion that Wade violated Condition III was clearly erroneous. Wade's contention is meritless.
 
 
 15
 Wade made no effort to pay his back taxes when, according to his W-2 forms, he earned substantial income at least through 1986. Even if Wade was unable to pay his back taxes, he made no attempts to contact the IRS to arrange a reasonable schedule for the payment of back taxes, penalties and interest. See Green, 735 F.2d at 1207. Wade did not respond to the IRS' May 10, 1990 letter requesting him to pay back taxes. Rather than cooperating with the IRS, Wade's actions reflect an intent to avoid paying. See id. In light of this behavior, the district court properly concluded that Wade had not complied with Condition III, and therefore, the district court did not abuse its discretion by revoking Wade's probation. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The magistrate judge also concluded that Wade had violated a general provision of probation by being convicted of a state crime. Nevertheless, the district court did not adopt this finding because the condition was ambiguous as to which law, state, federal or local, was applicable
 
 
 [2]
 Wade attached W-2 forms and the income computation schedule prepared by the IRS during the course of its criminal investigation. The government contends that these forms were inadequate because they did not account for unreported income Wade may have earned