24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William Clyde PUMPHREY, Plaintiff-Appellant,
v.
Jack POTTS, et al., Defendants-Appellees.
 No. 93-16840.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Clyde Pumphrey, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Pumphrey contends that his Fifth Amendment right against self-incrimination was violated when the defendants subjected him to a sodium amytal interview for the purpose of obtaining information regarding his criminal history. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 4
 The Fifth Amendment provides that no person shall be compelled to be a witness against himself in any criminal case. U.S. Const. amend. V. The privilege applies only if the defendant faces substantial hazards of self incrimination that are real and appreciable. United States v. Neff, 615 F.2d 1235, 1239 (9th Cir.), cert. denied, 447 U.S. 925 (1980). A generalized fear of criminal prosecution is not sufficient to defeat a summary judgment motion alleging that the privilege is not applicable; the nonmoving party must offer specific evidence demonstrating that the privilege was properly asserted. Boday v. United States, 759 F.2d 1472, 1474-75 (9th Cir.1985).
 
 
 5
 Here, Pumphrey was undergoing psychiatric treatment at the Madison Street Jail. The Superior Court of Maricopa County requested that defendant Potts evaluate Pumphrey to determine whether Pumphrey was mentally ill. Pumphrey was given sodium amytal and interviewed by two of the defendants. He alleges that information elicited during the sodium amytal interview was later used against him at trial.
 
 
 6
 The defendants submitted the affidavit of Potts, who stated that Pumphrey consented to the sodium amytal interview, and in fact was eager to have it performed. Potts further stated that only he, defendant Hamlin, and a nurse were present during the procedure. Potts also stated that he did not discuss Pumphrey's criminal history during the interview; rather, Potts questioned Pumphrey regarding inconsistencies in his history in order to determine whether Pumphrey was suffering from a mental illness or was malingering. Finally, Potts stated that no criminal charges were filed against Pumphrey as a result of the interview. The defendants also submitted medical records including a notation that Pumphrey consented to the interview, and that only medical personnel were present during the procedure.
 
 
 7
 Pumphrey alleges that he consented to the interview because he was not told that it would be used to gather evidence regarding his past criminal activities. He further states that observers were allowed to watch the procedure against his wishes. Finally, he alleges that the information gathered during the interview was used against him to establish his criminal background and enhance his sentence.
 
 
 8
 Pumphrey has submitted no evidence regarding the content or use of the information allegedly gathered during the interview. See id. Further, he has offered no evidence tending to show that he faced a real and appreciable danger of incriminating himself during the interview. See Neff, 615 F.2d at 1239. Accordingly, we find that Pumphrey has not submitted evidence sufficient to show that his Fifth Amendment rights were violated. See id. The district court thus properly granted summary judgment in favor of the defendants. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3